UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AYAT A. AMEEN,<br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br>        Defendants. | No: 1:23-cv-01397 (MSN/JFA) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF 12-13 ("Mot. to Dismiss, or Alternatively, for Summ. J."). Upon consideration of the pleadings and for the reasons set forth below, the Court will **GRANT** Defendants' motion.

I.  PROCEDURAL HISTORY

On October 13, 2023, Plaintiff Ayat A. Ameen filed a complaint (ECF 1) against the following Defendants: the United States Department of State ("DOS"); the Embassy of the United States in Ankara, Turkey; Jeffry Flake, United States Ambassador to Turkey; and Antony Blinken, United States Secretary of State. Ameen alleges violations of the Administrative Procedure Act ("APA") and her rights under the Due Process Clause of the United States Constitution arising from Defendants' refusal to issue an immigrant visa to her husband, Mustafa Khaleel S. Al Zehhawi.

On December 18, 2023, Defendants moved to dismiss Ameen's complaint for failure to state a claim, or, in the alternative, for entry of summary judgment. *See* Mot. to Dismiss, or Alternatively, for Summ. J. Ameen filed a response on January 12, 2024, (ECF 19) ("Opp."), and Defendants

filed a reply on January 22, 2024, (ECF 22) ("Reply"). The Court is satisfied that oral argument would not aid in the decisional process. Accordingly, this matter is ripe for resolution.

## II.    BACKGROUND[1]

Plaintiff Ameen is an American citizen. Compl. ¶ 1. Her husband, Mr. Al Zehhawi, is an Iraqi citizen currently residing in Iraq. *Id*. ¶ 2. In 2019, Ameen sought a visa for her husband by filing a Form I-130 "Petition for Alien Relative" with the United States Citizenship and Immigration Services ("USCIS"). *Id*. ¶ 13. USCIS approved the petition in February 2022, at which point the case was transferred to the DOS.[2] *Id*. ¶ 16. On February 28, 2023, a consular officer conducted an interview with Mr. Al Zehhawi at the U.S. Embassy in Ankara, Turkey. *Id*. ¶ 19. Ameen does not directly state what transpired during the interview, but alleges that "since that time, the agency has refused to issue a decision on this case."[3] *Id.* To date, Mr. Al Zehhawi has not been issued a visa. *Id.*

Ameen alleges the visa is being delayed pursuant to a U.S. Department of Homeland Security ("DHS") policy called the "Controlled Application Review and Resolution Program," ("CARRP"), which "intentionally delays the applications" of applicants like Mr. Al Zehhawi due to security concerns. *Id*. ¶ 26. Ameen further alleges that the CARRP identifies national security concerns based on "vague and overbroad criteria" including national origin. *Id.* ¶ 30. Ameen requests that the Court enjoin Defendants from applying the CARRP to Mr. Al Zehhawi's application; order Defendants to rescind the CARRP; issue a writ of mandamus compelling

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).
[2] Approved I-130 petitions are forwarded to the DOS' Processing Center in accordance with 8 C.F.R § 204.2(a)(3).
[3] In her Opposition, Ameen uses notably different language, stating that "the agency has refused to fully adjudicate this case," and that there has been a "failure to take *final* action." Opp. at 2, 7 (emphasis in original). Similarly, Ameen submits an affidavit stating "since [the interview], the State Department has not made a final decision on the visa application." ECF 19-1 ("Pl. Ex. A") ¶ 5. Ameen does not refute Defendants' claims that a refusal was issued at the interview.

Defendants to adjudicate her husband's visa application within 60 days of its issuance; explain the cause and nature of the delay; and award attorney's fees and costs. *Id*. at 8.

Ameen requests this relief on two grounds. First, she claims that Defendants have unlawfully withheld and unreasonably delayed the adjudication of her husband's visa application in violation of the APA, 5 U.S.C. § 555(b)).[4] *Id*. ¶¶ 22, 24. Second, Ameen claims that Defendants' failure to act has violated her Due Process rights to a fair administrative adjudication. *Id*. ¶¶ 38-40.

Defendants claim that a consular officer refused Mr. Al Zehhawi's visa at the time of the interview on February 28, 2023, and that the visa "remains refused" while the government conducts additional security screening. ECF 14 ("Defs.' Mem. Supp. Mot. to Dismiss, or Alternatively, for Summ. J.") at 5-6. Consequently, Defendants argue that because the visa was refused, the Court "cannot order relief here based upon the doctrine of consular non-reviewability." *Id*. at 14. Defendants also argue the Court lacks subject matter jurisdiction over Ameen's claims. *Id*. at 6. The Court need not reach these arguments, however, given Ameen's failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I.     STANDARD OF REVIEW

Courts may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A plaintiff need not include

---

[4] 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties … and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A court may "compel agency action unlawfully withheld or unreasonably delayed." *Id*. § 706(1).

"detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Nevertheless, a plaintiff must make more than bald accusations or mere speculation; "naked assertions devoid of further factual enhancement," and "a formulaic recitation of the elements of a cause of action" are insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). When considering a motion under Rule 12(b)(6), the Court should assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## II.   ANALYSIS

Generally, "a consular officer's decision to grant or deny a visa is not subject to judicial or administrative review." *Romero v. Consulate of the United States*, 860 F. Supp. 319, 322 (E.D. Va. 1994). This is known as the doctrine of consular non-reviewability, and requires the judicial branch to defer to immigration determinations made by executive branch officials. *See Sesay v. United States*, 984 F.3d 312, 315 (4th Cir. 2021). Ameen concedes that "courts do not typically" have the ability to review visa denials.[5] Opp. at 14 (citing *Didban v. Pompeo*, 435 F. Supp. 3d 168, 173 (D.D.C. 2020)). However, Ameen raises two arguments as to why the doctrine of consular non-reviewability does not apply: (1) the DOS is delaying a decision on Mr. Al Zehhawi's visa, and the doctrine does not apply where no decision has been made; and (2) there is an exception to the doctrine when a citizen has a protected Due Process right at stake in the adjudication of a visa. Compl. at 5, 7. The Court will address these arguments in turn.

### A. Review over the Failure to Issue a Final Decision

---

[5] Courts have often treated consular nonreviewability as an issue of subject matter jurisdiction. *See Didban*, 435 F. Supp. 3d at 173; *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159-60 (D.C. Cir. 1999). However, the Supreme Court has recently clarified that "that the doctrine of consular nonreviewability is not jurisdictional." *Dep't of State v. Muñoz*, No. 23-334, at 7 n.4 (U.S. June 21, 2024) (slip op.). Therefore, the Court considers this doctrine in the context of Rule 12(b)(6). *See* Defs.' Mem. Supp. Mot. to Dismiss, or Alternatively, for Summ. J. at 14, n.5.

While Ameen does not point to relevant Fourth Circuit authority, several courts outside of this Circuit have held that the absence of a consular decision is reviewable where the government has a non-discretionary duty to adjudicate visa applications. *See Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997) (finding jurisdiction to review a consulate's failure to comply with a mandatory requirement to issue a decision following a consular interview); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 290-91 (D.D.C. 2016) (holding the doctrine of consular non-reviewability "applies only once a consular officer has made a decision."). These cases rest upon the distinction between mandatory procedures, which are reviewable, and discretionary decisions, which are not. *See Patel*, 134 F.3d at 932 (finding jurisdiction because plaintiff was "not challenging a decision within the discretion of the consul."); *Nine Iraqi Allies*, 168 F. Supp. 3d at 290 (finding the record established that plaintiffs' applications remained in a "mandatory step" of the Special Immigrant Visa process); *Afghan & Iraqi Allies v. Pompeo*, 2019 U.S. Dist. LEXIS 14465, at *26 (same); *Najafi v. Pompeo*, 2019 WL 6612222, at *18 (N.D. Cal. Dec. 5, 2019) (finding that consular non-reviewability did not apply to a failure to "automatically consider" a waiver pursuant to a process established by DOS and DHS).

Here, Ameen does not raise any mandatory procedures which Defendants have failed to follow. To the contrary, an initial refusal followed by further inquiry is consistent with visa statutes and regulations. *See* 22 C.F.R. 42.81(b) (instructing consular officers to inform applicant of the reason for refusal, and allowing for a period of one year in which applicant may attempt to "overcome" the refusal with additional evidence); 8 U.S.C. § 1361 (directing that in the event a consular officer does not issue a visa, the burden of establishing admissibility rests on the applicant). That is what happened here. Mr. Al Zehhawi's visa application was refused at the time

of his interview,[6] and he submitted "additional information" to the consular officer, presumably in order to overcome the refusal. Pl. Ex. A ¶ 5. Such a procedure is consistent with federal regulations and is within the consular officer's discretion. *See* 22 C.F.R. 42.81(b).

The Court is barred from reviewing the refusal of Mr. Al Zehhawi's visa under the doctrine of consular nonreviewability. *See Sesay*, 984 F.3d at 315; *Muñoz*, No. 23-334, at 7. Accordingly, Ameen's Complaint is **DISMISSED** pursuant to Rule 12(b)(6) for failing to state a claim upon which relief could be granted.[7]

### B. Review over a Citizen's Due Process Claim

Ameen claims that her Due Process rights were violated by Defendants' failure to adjudicate her husband's visa application. Compl. ¶ 39. At the time Ameen filed her Complaint, whether a citizen's interest in her spouse's visa adjudication is constitutionally protected was an unresolved question. *See Din v. Kerry*, 576 U.S. 86, 102 (2015) (Kennedy, J. concurring); *Sesay*, 984 F.3d at 315, 316 n. 2.

---

[6] The DOS' publicly available Consular Electronic Application Center ("CEAC") shows that Mr. Al Zehhawi's application has been refused. Visa Status Check, Consular Electronic Application Center, U.S. DEP'T OF STATE, https://ceac.state.gov/CEACStatTracker/Status.aspx (last visited July 10, 2024). Pursuant to Fed. R. Evid. 201, the Court takes notice of the CEAC, "as its contents are not subject to reasonable dispute." *Mukta v. United States Dep't of State*, No. 1:23-cv-816, ECF No. 22 (E.D. Va. Oct. 16, 2023); *see also Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record"). On a 12(b)(6) motion, the Court is required to "assume the veracity" of "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. Ameen has not described what took place at her husband's visa interview and has made no assertions which directly contradict the public record. Moreover, she seems to concede that a refusal was issued. *See supra* n.3. The Court is not required to draw unreasonable inferences in Ameen's favor. *See Burbach Broad. Co. of Del*, 278 F.3d at 406. Accordingly, Ameen has not made "well pleaded factual allegations" which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

[7] The Court could have reached the same conclusion by accepting Defendants' invitation to treat their motion as one for summary judgment. Defendants submitted an affidavit with their Motion, which the Court did not consider for purposes of its Rule 12(b)(6) analysis. The affidavit stated that on the date of the interview, "the consular officer refused Mr. Al Zehhawi's visa application under INA § 221(g), 8 U.S.C. § 1201(g), to conduct additional security screening." ECF No. 14-1. The inclusion of matters outside of the pleadings further placed Ameen on notice that Defendants' "motion could be considered by the court to be a summary judgment motion." *Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013). Ameen subsequently failed to appropriately address Defendants' factual assertions and accompanying affidavit, which unequivocally stated that a refusal had occurred. *See supra*, n.6. Accordingly, the supporting materials and undisputed facts would have shown Defendants were entitled to summary judgment under the doctrine of consular non-reviewability. *See* Fed. R. Civ. P. 56(e)(3).

The Supreme Court recently resolved this question, however, holding that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Muñoz*, No. 23-334, at 8. The Supreme Court reasoned that "the right to bring a noncitizen spouse to the United States" was not protected by the Due Process Clause because it is not "deeply rooted in this Nation's history and tradition." *Id.* at 10 (citing *Washington v. Glucksberg*, 521 U.S. 702, 720–721 (1997)). Under *Muñoz*, Ameen cannot state a due process claim because she does not have a constitutionally protected liberty interest in her spouse obtaining a visa. Accordingly, Ameen's due process claim is **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss, Or, in the Alternative for Summary Judgment[8] (ECF 12-13) is **GRANTED**; and it is further **ORDERED** that the Complaint is **DISMISSED**.

The Clerk is directed to enter judgment in favor of Defendants pursuant to Rule 58 and to close this civil action.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

July 15, 2024
Alexandria, Virginia

---

[8] The Court need not reach the merits of Defendants' summary judgment motion based on Plaintiff's failure to survive the motion to dismiss stage.